UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

**FILED**
ASHEVILLE, N. C.
MAY 19 2005
U.S. DISTRICT COURT
W. DIST. OF N. C.

NO. 2:04CV179

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>1996 CORVETTE )<br>VIN 1G1YY2252T5600809 )<br>Defendant ) | FINAL ORDER OF FORFEITURE<br>BY CONSENT |

Whereas, the **COURT FINDS** that:

On August 30, 2004, the United States filed a verified complaint in this civil forfeiture case *in rem* under 18 U.S.C. § 981 and 21 U.S.C. § 881,

The complaint alleged that the defendant property was proceeds of, or was used or intended to be used to facilitate, illegal drug-trafficking, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*,

Process was fully issued in this action and returned according to law. Personal service was made on John Robert Potts, and service was also issued by publication of public notice in a newspaper of general circulation, pursuant to Rule C(4), Supplemental Rules for Certain Admiralty and Maritime Case,

On October 1, 2004, John Robert Potts ("the claimant") filed a claim for the defendant property, and no one other person or entity ever filed a claim,

On May 6, 2005, the court entered default against all persons and entities in default



RECEIVED
MAY 19 2005

1

except John Robert Potts,

The claimant stipulates and the Court finds that there is probable cause for forfeiture of the defendant property and that the United States District Court for the Western District of North Carolina has *in rem* jurisdiction over the defendant property,

The United States and the claimant have agreed to the forfeiture of $15,000.00 in United States funds as a substitute *res* and to the release of the defendant property to the claimant,

The claimant has released and forever discharged the United States, its officers, agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and their officers, agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimants or their heirs, successors, or assigns ever had, now have, or may have in the future in connection with this investigation, seizure, detention, and forfeiture.

The United States and the claimant have agreed to bear their own costs, including attorney's fees,

The United States and the claimant, by and through counsel, have consented to the United States Magistrate Judge conducting all proceedings, including entry of this Consent Judgment, pursuant to 28 U.S.C. §636(c).

2

Based on the foregoing findings, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The sum of $15,000.00 in United States funds is forfeited to the United States by John Robert Potts as a substitute *res* for the defendant property,

2. The United States Marshal is directed to release the defendant property to the claimant,

3. Each party is to bear its own costs of this action, including attorneys fees.

Signed this the 19th day of May, 2005.

_____
DENNIS L. HOWELL
UNITED STATES MAGISTRATE JUDGE

ON MOTION OF AND WITH CONSENT OF THE PARTIES:

FOR THE UNITED STATES OF AMERICA:

GRETCHEN C.F. SHAPPERT
United States Attorney

_____  Date: 5/18/05
THOMAS R. ASCIK
Assistant United States Attorney

_____  Date: 5/16/05
JOHN ROBERT POTTS
Claimant

3

_J Stewart_            Date: 5/16/05
JACK STEWART
Counsel to claimant